IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASON HUNTER SR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-117 |
| | ) | |
| COMMISSIONER SOCIAL SECURITY (AUGUSTA), | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* and has paid the $405 filing fee. However, before this case may proceed, Plaintiff must submit an amended complaint within fourteen days of the date of this Order in accordance with the instructions provided below.

First, in submitting his complaint, Plaintiff failed to follow several instructions. As explained on the complaint form, (doc. no. 1, pp. 1, 2), the only proper Defendant in a social security appeal is the Commissioner of the Social Security Administration; Frank Bisignano currently serves as the Commissioner (hereinafter "Commissioner"). However, Plaintiff improperly named Commissioner Social Security (Augusta) as the sole Defendant. (Id.) Furthermore, Plaintiff states he received notice of the Commissioner's final decision on March 22, 2025, but he failed to attach a copy of the Commissioner's final decision and a copy of the notice from the Social Security Appeals Council informing Plaintiff his appeal was denied in accordance with the form instructions. (Id. at 3.) Accordingly, the Court is unable to determine

whether the March 22nd decision Plaintiff seeks to appeal is a final decision of the Commissioner eligible for judicial review under 42 U.S.C. § 405(g).

Second, Plaintiff's complaint contains conflicting information about the location of his current residence, which in turn prevents the Court from determining whether venue in this District is proper. Venue for review of an unfavorable decision of the Commissioner is in the judicial district where the plaintiff resides. See 42 U.S.C. § 405(g). In his complaint, Plaintiff specifically references Augusta, Georgia when naming the defendant and provides the address for the social security office located in Augusta, Georgia. (Doc. no. 1, p. 2.) However, there is no other meaningful mention of Augusta anywhere else in the complaint. (See generally id.) Instead, the complaint contains disjointed references to several different locations and thus does not clearly reveal Plaintiff's current place of residence. For example, in response to the form question asking for his street address, Plaintiff lists a P.O. Box located in Atlanta, Georgia. (Id.) He also attached voter registration information to his complaint showing he is registered to vote in Fulton County, Georgia. (Id. at 11.) Moreover, in his statement of claim, Plaintiff explains he had recently been living with his sister, though he did not specify where. (Id. at 8.) He also states he is currently homeless but again fails to divulge any further information. (Id. at 8-9.) He further alludes to an arrest and criminal case against him in Florida. (Id. at 9-10.) Based on this conflicting information, the judicial district in which Plaintiff currently resides is unclear, and it is thus unclear whether Plaintiff filed this case in the proper venue. See 42 U.S.C. § 405(g).

Accordingly, the Court **DIRECTS** Plaintiff to submit an amended complaint within fourteen days of the date of this Order.[1] If Plaintiff wishes to proceed with this action, he must complete and submit the attached complaint form. As the form complaint provided with this Order is specific to requests for review of social security decisions, Plaintiff should carefully review the instructions and provide the particular information requested, including whether he currently resides in Atlanta, Augusta, somewhere in Florida, or in a different location. Furthermore, as explained above, Plaintiff should change the defendant named in the caption to Frank Bisignano, Commissioner of Social Security Administration. Plaintiff must also state the date he received notice of the Commissioner's final decision and attach a copy of said notice and the Commissioner's final decision to the form complaint. The amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 5th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court **DIRECTS** the **CLERK** to attach Form Pro Se 13, Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, stamped with the appropriate case number, to Plaintiff's service copy of this Order.