IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASON HUNTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-117 |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and has paid the $405.00 filing fee. For the reasons described below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to follow a Court order.

**I.    BACKGROUND**

On May 22, 2025, Plaintiff, proceeding *pro se*, filed a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." (Doc. no. 1.) On June 5, 2025, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies[1] and to clarify his current place of residence for venue purposes. (Doc. no. 4.)

---

[1] Plaintiff's original complaint did not include an attached copy of the Commissioner's final decision or a copy of the notice from the Social Security Appeals Council informing him his appeal was denied. (See doc. no. 1.) Although the Court's Order instructed Plaintiff to attach these documents, (doc. no. 4, p. 3), and he again failed to include them with his amended complaint, (see doc. no. 5), Plaintiff explained he has been unable to get a hard copy of these documents and can only view the Commissioner's final decision on his online profile because he opted for online notice only, (id. at 3). He further states he has no way to download these documents. (Id.) Given his attempts to obtain this information, the Court

Regarding venue, this Order pointed out numerous ambiguities surrounding Plaintiff's current place of residence, which in turn rendered it unclear whether Plaintiff filed this case in the proper venue. (Id. at 2 (citing 42 U.S.C. § 405(g).) Accordingly, in ordering Plaintiff to amend his complaint, the Court instructed Plaintiff to "provide the particular information requested, including whether he currently resides in Atlanta, Augusta, somewhere in Florida, or in a different location." (Doc. no. 4, p. 3.)

As ordered, Plaintiff submitted an amended complaint. (Doc. no. 5.) However, the amended complaint again failed to provide sufficient information about Plaintiff's current place of residence so that the Court could determine whether venue in this District is proper. Accordingly, the Court ordered Plaintiff to show cause as to why his case should not be dismissed for improper venue. (Doc. no. 6.) In this Order, the Court highlighted in detail the inconsistencies again present in Plaintiff's amended complaint and explained they prevented the Court from determining Plaintiff's current place of residence, which is where venue lies in an action challenging a decision by the Social Security Commissioner. (Id. at 2-3); see also 42 U.S.C. § 405(g). For these reasons, the Order instructed Plaintiff to "specifically inform the Court about where he currently resides." (Doc. no. 6, p. 4.) The Order also cautioned Plaintiff that "[f]ailure to comply with the terms of this Order within fourteen days shall result in dismissal of this action." (Id.)

Plaintiff timely responded to the Court's show cause order by submitting an annotated one-page printout of what appears to be the contact information page for his Social Security Administration online profile. (Doc. no. 7.) Under the "Social Security (Disability)" header,

---

declines to recommend dismissal for his failure to comply with the Court's prior Order directing him to attach these necessary documents to his amended complaint.

the document lists Plaintiff's current mailing address as the Atlanta P.O. Box also listed in Plaintiff's original and amended complaint. (Id.; see also doc. no. 1, p. 2; doc. no. 5, p. 2.) Under the "SSI (Disability)" header, Plaintiff circled and highlighted a Grovetown, Georgia address listed as both his current mailing and resident address. (Doc. no. 7.) Plaintiff also handwrote, "I consent to jurisdiction" on his response and cited to 28 U.S.C. § 636 in the blank space next to his contact information. (Id.) He also handwrote several citations to cases without any additional explanation of their relevance. (Id.)

## II.   DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court explicitly ordered Plaintiff to show cause for why this action should not be dismissed for improper venue and instructed him that in doing so, he must "specifically inform the Court about where he currently resides." (Doc. no. 6, p. 4.) However, he has yet again failed to inform the Court about his current place of residence. (See doc. no. 7.) Rather, Plaintiff's one-page response contains the same ambiguities previously identified by this

3

Court, not only in its show cause order, (see id.), but also in its prior Order requiring Plaintiff to amend his complaint, (doc. no. 4, p. 2).  Indeed, Plaintiff fails to provide the Court with coherent information about his current place of residence.  Although his response contains an address in Grovetown, Georgia, Plaintiff provides no further explanation about the significance of this address.  (See doc. no. 7.)  For example, it is unclear whether this address is his current residence, his previous address, or whether it has some other relevance. Moreover, the inclusion of the Atlanta P.O. Box again raises questions whether Plaintiff currently resides in the Southern District of Georgia.  Ultimately, Plaintiff's efforts at circling and highlighting the Grovetown, Georgia address fall short of following the Court's explicit instruction to inform the Court about where he currently resides.

Therefore, because the one-page response fails to provide the Court with the requested information, it is an insufficient, non-responsive filing that fails to follow this Court's prior Order.  What's more, Plaintiff has already had ample opportunities to provide the Court with this information, yet he has again failed to do so.  (See doc. nos. 4, 6.)  Accordingly, this case should be dismissed because Plaintiff failed to comply with the terms of this Court's Order, despite being warned that his failure to do so would result in dismissal of this action.  (Doc. no. 6, p. 4.)

Although Plaintiff is not proceeding *in forma pauperis* and has paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions.  Taken as true, the amended complaint's descriptions of Plaintiff's finances, on top of the purported suspension of his social security income benefits, reveal he lacks the resources to afford monetary sanctions.  (Doc. no. 5, pp. 7-9.)  Moreover, without accurate information about where Plaintiff currently resides, the Court cannot determine

whether this action should even be proceeding in this District. Thus, Plaintiff's case should be dismissed for failing to follow the Court's instructions requiring him to disclose his current place of residence.

### III.     CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to follow a Court order and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA